## RELIANCE STEEL CORPORATION v. RELIANCE TRADING CORPORATION.

### Civ. No. 3445.

District Court, E. D. Pennsylvania.

Jan. 7, 1944.

Bertram Bennett (of Jenkins, Bennett & Libby), of Philadelphia, Pa., for plaintiff.

John Patrick Walsh, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is an application for a preliminary injunction. Upon consideration of the pleadings, testimony and the arguments of counsel I make the following findings of fact:

1. The plaintiff, Reliance Steel Corporation, was organized and is existing under and by virtue of the laws of the State of Ohio, having been created May 24, 1937, and has its principal office and place of business at No. 1170 Ivanhoe Road, in the City of Cleveland, State of Ohio.

2. The defendant, Reliance Trading Corporation, was organized September 5, 1941, and is existing under and by virtue of the laws of the Commonwealth of Pennsylvania and presently has its principal office and place of business at No. 2405–09 North Second Street, in the City of Philadelphia, Commonwealth of Pennsylvania.

3. This court has jurisdiction of the cause of action by reason of a diversity of citizenship of the parties; because it charges acts of unfair competition with the

plaintiff involving an amount in excess of $3,000 exclusive of interest and costs.

4. Since its organization and incorporation on May 24, 1937, the plaintiff's business has been that of a processor and warehouse distributor of flat rolled steel products, including the purchasing, processing and selling of hot rolled and cold rolled steel strip and sheets in cut lengths, hot rolled, pickle strip in sheets, in cut lengths and coils, galvanized sheets, long ternes, steel plates and steel bars; the processing consisting principally of grading, shearing, flattening, cutting to width and length, slitting, edging and similar operations to meet customers' specifications.

5. The plaintiff maintains plants and offices at No. 1170 Ivanhoe Road, Cleveland, in the State of Ohio; 1601 S. Wolcott Street, Chicago, in the State of Illinois; 13770 Joy Road, Detroit, in the State of Michigan; Newark and Page Avenues, Lyndhurst, in the State of New Jersey; and at No. 62 Lincoln Street, Worcester, in the State of Massachusetts, and offices at No. 613 Ohio Building, Toledo, in the State of Ohio, 1408 Fletcher Trust Building, Indianapolis, in the State of Indiana, and at No. 627 Beury Building, 3701 North Broad Street, Philadelphia, in the Commonwealth of Pennsylvania.

6. On July 29, 1937, the plaintiff duly registered to do business in Pennsylvania as a foreign corporation in conformity with the laws of the Commonwealth of Pennsylvania in such cases made and provided.

7. On or about November 15, 1938, the plaintiff established a plant and office on the premises situate N.W. corner 22nd and Westmoreland Streets in the City of Philadelphia, Commonwealth of Pennsylvania, where it engaged in business until on or about the 30th day of April, 1941, at which time the said premises were vacated and the plaintiff's office was moved to and is presently located in the Beury Building, 3701 North Broad Street in the City of Philadelphia, as aforesaid.

8. The defendant secured a charter under the laws of the Commonwealth of Pennsylvania on September 5, 1941, under the name "Reliance Trading Corporation," the purpose of which, as appears by its application, is to: "1. To carry on as principal, agent, commission merchant, etc. the business of buying, selling, extracting, exchanging, converting, separating, grading, grinding, cutting, milling, drilling, concentrating, treating, manufacturing, fabricating, preparing for market, and otherwise producing and dealing in ferrous and non-ferrous metals, ore and minerals and in the products or by-products thereof and generally to do all things incidental to or convenient for or growing out of the aforesaid purposes."

9. On or about September 5th, 1941, defendant established its plant and office at the N.W. corner of 22nd and Westmoreland Streets, Philadelphia, which premises had previously been occupied by plaintiff, but removed therefrom in September, 1942, to 2405–09 North Second Street, Philadelphia, where it now maintains its plant and office for the transaction of its business.

10. On September 8th, 1941, and December 6th, 1941, two letters addressed to defendant were inadvertently delivered to plaintiff at its Philadelphia office in the Beury Building. The letter of September 8th, 1941, contained some printer's proofs belonging to defendant, and the letter of December 6th, 1941, was mailed to defendant by Presto Lock Company, an old customer of defendant for many years.

11. Plaintiff's business sign remained on premises occupied by the defendant from September 5th, 1941, to some time in October, 1941, at which latter date defendant removed the sign in compliance with plaintiff's request.

12. Defendant caused its name to be inserted in the classified section of the Philadelphia telephone directory for 1943 under the headings "Steel—Stainless"; "Steel—Strip—Cold Rolled"; and "Steel".

I state the following conclusions of law:

The evidence does not establish a sufficiently clear case of unfair competition to justify a preliminary injunction. The motion, therefore, should be dismissed.

### Order.

And Now, to wit, this 7th day of January, 1944, plaintiff's motion for preliminary injunction is denied.